IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIRECT BENEFITS, LLC, et al. | * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No. RDB-13-1185 |
| TAC FINANCIAL, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This matter was referred to me on June 11, 2019 for all non-dispositive matters and scheduling (ECF 150). A telephone conference call was held on June 18, 2019 to discuss the status of the outstanding motions. The Court permitted Plaintiff to file an Amended Motion to File a Fourth Amended Complaint and for Defendant to file a response (ECF 153). Plaintiff has filed its motion and Defendant has filed its response (ECF 154, 162). There is no need for a hearing in this matter (L. Rule 105.6). For the reasons set forth below, the Plaintiffs' motion (ECF 154) is DENIED. Defendants' Motion (ECF 160) is GRANTED. Defendants' Motion (ECF 161) is DISMISSED AS MOOT.

### **PROCEDURAL HISTORY**

This litigation has had its many fits and starts. The original complaint was filed on April 22, 2013 (ECF 1). The litigation was stayed pending attempts at settlement and a settlement conference was conducted on August 23, 2013. Settlement efforts were unsuccessful and on February 2, 2013, Judge Russell granted a motion to dismiss as to the "Outside Directors" subjects of the current motion to file a fourth amended complaint (ECF 48-49). At that time Judge Russell found "[P]laintiffs have failed to allege officer and director liability for any of the remaining

1

individuals. It is well settled that allegations regarding fraud against individual defendants requires 'facts supporting a strong inference of scienter as to each defendant." (ECF 48 p. 33, citations omitted). Thereafter, Plaintiffs filed a Second Amended Complaint (ECF 50). Defendants answered and in addition filed a counterclaim (ECF 51). On April 25, 2014 Plaintiffs filed a Supplemental Motion to Amend the Second Amended Complaint (ECF 65). During the interim, the case was re-referred for another settlement, discovery was ongoing in accordance with the Scheduling Order and Motions to Dismiss were again filed.

In response to the pending Motions to Dismiss filed subsequent to the Second Amended Complaint, Judge Motz (case was re-assigned from Judge Russell to Judge Motz) again granted the motion to dismiss as to the outside defendants.

> "Plaintiff has not alleged facts that would establish that the Outside Directors are liable under a "court control liability" theory. Incidentally, I am not persuaded by plaintiff's argument that Judge Russell did not contemplate that the Outside Directors might file a motion to dismiss. Indeed, the reference in his letter to deadlines under the Federal Rules and Local Rules suggest that he contemplated that a motion to dismiss would be filed" (ECF 75).

On the same day, Judge Motz granted the motion to amend the complaint but reaffirmed his dismissal of the outside directors (ECF 76). A third amended complaint was filed (ECF 77). Defendants filed their answer to the third amended complaint (ECF 78). Motion for Partial Summary Judgment was filed on 10/31/14 (ECF 98). A second settlement conference was held before Judge Coulson on November 18, 2014. Intertwined with these events were various discovery disputes, conferences with the Court and other ancillary matters. On December 3, 2014, Plaintiffs filed another Motion to Amend/Correct Complaint (Fourth Amended Complaint) (ECF 105). A response in opposition was filed on December 22, 2014 (ECF 116). On January 29, 2015 the Court administratively closed the case due to a bankruptcy filing by Defendant TAC (ECF 122).

On October 18, 2018, Plaintiffs filed a motion to restore the case to active status (ECF126). On March 12, 2019, the motion to restore the case was granted (ECF 129). The fits and starts were again revved up. Motions were immediately filed and local counsel withdrew his appearance (ECF 136). New local counsel entered his appearance (ECF 140). The record is fraught with filing errors and necessary quality control measures that had to be taken by the Clerk in response to incorrect filing and non-adherence to the local rules. On June 25, 2019 what amounts now to the Third attempt to file a Fourth Amended Complaint was filed by Plaintiffs (ECF 154). Once again Plaintiffs attempt for the fourth time to raise fraud allegations against the outside directors individually. As Defendants point out in their Response, Plaintiffs rely upon documents, including email traffic that were obviously within their control since 2014 (ECF 13 p. 10-11).

## **LEGAL STANDARD**

In accordance with Fed. R. Civ. P. 15(a)(2), the Court should freely give leave to amend when justice so requires. A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings. Fed. R. Civ. P. 16(b)(4); 15(a)(2); see also *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party must first satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)."). The analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the

3

timeliness of the motion to amend "and the reasons for its tardy submission." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002). A court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999) (internal quotations omitted)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 375 (internal quotations omitted).

## Analysis

As stated above, the Court has twice ruled that the Plaintiffs have not alleged sufficient facts to support fraud allegations against the outside directors. "It is well settled that allegations regarding fraud against individual defendants requires facts support a strong inference of scienter as to each defendant." *Matrix Capital Management Fund, LP v. BearingPoint, Inc.*, 576 F3d 172, 182 (4th Cir. 2009). At best Plaintiffs allege that the emails suggest that the director(s) named in the emails may have had some questions about what was being represented by Eder to the Plaintiffs. Similarly, in a private securities fraud action, the Court stated "to qualify as "Strong", an inference of scienter must be more than merely plausible or reasonable, it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs Inc., v. Makor Issues & Rights, Ltd.* 551 U.S. 308. 323 (2007). Scienter is also described as "a mental state embracing intent to deceive, manipulate or defraud" *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 (1976). In the current case, other than loosely suggesting knowledge and perhaps a fiduciary duty, the Plaintiffs for the more than third time, have failed to allege facts that support a "mental state embracing an intent to deceive. manipulate or defraud". *Id.*

4

In the instant case, Plaintiffs have failed to provide good cause to this Court to allow an amendment of the pleadings. Plaintiffs argue that amending the pleadings and allowing the (more than) twice dismissed claims against the outside directors does not prejudice the outside directors because they are covered by insurance. The Court finds that argument incredulous. Litigation takes its toll on parties in many ways other than simply a bad monetary result. After being dismissed twice by Order of this Court, Plaintiffs attempt to resurrect claims based upon information that was within their control in 2014. Even if taken as plead, the facts alleged in the amended fourth amended complaint remain insufficient to show strong scienter.

## CONCLUSION

The Court finds that allowing the claims against the outside directors would, without any doubt prejudice those individuals and Plaintiffs have again failed to support its allegations of fraud against those individuals. The Court finds that as to any other recommended amendment, the Plaintiffs have also failed to show good cause exists. The Amended Motion to Allow a Fourth Amended Complaint (ECF 154) is DENIED. Motion to Strike 154 (ECF 160) is GRANTED consistent with this memorandum, The Motion to Expedite Briefing Schedule (ECF 161) is DISMISSED AS MOOT. A separate order will follow.

Date: July 10, 2019

A. David Copperthite
United States Magistrate Judge

5