UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 3, 2019

LETTER TO COUNSEL

  RE: *Direct Benefits, LLC, et al. v. TAC Financial, Inc., et al.*
     Civil No. SAG-13-1185

Dear Counsel:

  Plaintiffs Direct Benefits, LLC ("Direct Benefits") and Andrew C. Gellene ("Plaintiff Gellene") (together, "Plaintiffs") filed a Third Amended Complaint against Defendants TAC Financial, Inc. ("TAC") and Roy Eder ("Eder"), TAC's former Financial CEO (together, "Defendants"), on June 20, 2014. ECF 77. Plaintiffs seek to rescind an Asset Purchase Agreement under which Defendants would purchase Plaintiff Direct Benefits, as well as restitution of profits and an award of damages and attorneys' fees. On April 12, 2019, TAC filed the instant Motion to Dismiss Claims of Plaintiff Direct Benefits, LLC, for Failure to Prosecute, ECF 139, along with a Memorandum of Law, ECF 139-1 (together, the "Motion"). Direct Benefits sought and received a sixty-day extension of time to oppose the Motion, ECF 143, but still filed belatedly on July 12, 2019, ECF 167 (the "Opposition"). Defendants filed a reply (the "Reply") on July 17, 2019. ECF 171. I have considered all of the filings, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Defendants' Motion will be denied.

  Plaintiffs filed their Complaint on April 22, 2013, and amended it as a matter of right on May 3, 2013. ECF 1, 6. Defendants successfully moved to dismiss this First Amended Complaint. *See* ECF 48. After Plaintiffs filed a Second Amended Complaint, ECF 50, Defendants TAC and Eder answered and filed a Counterclaim, ECF 51. All other named Defendants, however, successfully moved to dismiss the claims against them in the Second Amended Complaint. *See* ECF 68, 75-76. Plaintiffs then filed their Third Amended Complaint against Defendants TAC and Eder on June 20, 2014. ECF 77. The parties engaged in discovery, and filed partial cross-motions for summary judgment by December, 2014. *See* ECF 98, 104.

  On January 7, 2015, however, the litigation grinded to a halt when TAC filed a Suggestion of Bankruptcy, indicating that it had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"). ECF 120, ¶ 1. Because this required an automatic stay of the case, by February 20, 2015, Judge Motz administratively closed the case as to all remaining Defendants, pending the result of the bankruptcy proceedings. ECF 122, 125. Defendants have represented that, during the bankruptcy proceedings, Defendant Eder passed away due to illness. ECF 139-1 at 2.

  Over three and a half years later, on October 18, 2018, Mr. Alfred Gellene ("Mr. Gellene") (representing Plaintiffs on a *pro hac vice* admission, ECF 5) moved to reopen the case. ECF 126.

*Direct Benefits, LLC, et al. v. TAC Financial, Inc., et al.*
Civil No. SAG-13-1185
Oct. 3, 2019
Page 2

On March 12, 2019, the Court granted the motion. ECF 129. Just one day later, Mr. Andrew L. Jiranek ("Mr. Jiranek"), then Plaintiffs' local counsel, informed the Court that he had not approved the motion to reopen the case, and that he had been terminated as Plaintiffs' counsel during the pendency of the bankruptcy proceedings. ECF 130.[1] Mr. Jiranek then filed a Motion under Seal to Disqualify Mr. Gellene. ECF 131. The Court denied the motion, but allowed Mr. Jiranek to withdraw as counsel. ECF 135. The Court further noted that Mr. Gellene could not represent any party until he was re-admitted *pro hac vice*. *Id.* Mr. Jiranek withdrew from this case on March 21, 2019. The next day, the Court mailed Plaintiffs a Local Rule 101.2 Letter, warning that "[p]arties other than individuals are required to have counsel." ECF 137 at 1. Notably, the letter contained a copy of Local Rule 101.2, which states that if "within thirty (30) days of the filing of [a] motion to withdraw, new counsel has not entered an appearance, the Court may take such action that it deems appropriate," including dismissal of the party's claims. *Id.* at 2; Loc. R. 101.2(b).

On April 12, 2019, Defendants filed the instant Motion. ECF 139. Four days later, within the time allotted by Local Rule 101.2, Mr. Francis J. Collins ("Mr. Collins") entered an appearance on Plaintiffs' behalf and requested a sixty-day extension of time to answer Defendants' Motion, which the Court granted. ECF 140-42. On May 1, 2019, the Court also granted Mr. Gellene's renewed motion to appear *pro hac vice*. ECF 147. Judge Bennett then held a telephonic conference with the parties on May 29, 2019 to discuss all outstanding motions, ECF 149, and he referred the case to Magistrate Judge Copperthite for all "non-dispositive matters," ECF 150. The parties litigated Plaintiffs' renewed Motion to File a Fourth Amended Complaint throughout June, July, and August, 2019. *See* ECF 154-62, 173, 177-79. On July 11, 2019, noting that Direct Benefits had not filed any opposition to the Motion after seeking an extension of time, the Court issued a Show Cause Order instructing Direct Benefits "to show cause why this case should not be dismissed, and to respond to Defendants' Motion to Dismiss within 15 days." ECF 165. Direct Benefits filed its Opposition the next day, on July 12, 2019. ECF 167.

Against this backdrop, the Court now considers Defendants' Motion to Dismiss for Failure to Prosecute. Federal Rule of Civil Procedure 41(b) authorizes a defendant to move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Typically, unless the Court finds otherwise, such dismissal is with prejudice. *See id.* Dismissals with prejudice are "harsh sanction[s] which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Accordingly, the Fourth Circuit instructs courts to consider four factors in determining whether a plaintiff's failure to prosecute warrants dismissal: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis*, 588 F.2d at 70). These factors, however, "are not a rigid four-prong test"; rather, whether to dismiss for failure to prosecute "depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 92, 95 (4th Cir. 1989).

---

[1] Mr. Jiranek's law firm, Jiranek P.A., filed suit against Direct Benefits and Andrew Gellene in Baltimore County Circuit Court on April 16, 2018. *See Jiranek, P.A. v. Gellene et al.*, No. 03-C-18-003876 (Balt. Cty. Cir. Ct. filed Apr. 16, 2018).

First, Defendants claim that dismissal is proper because Direct Benefits "neglected" its responsibility to obtain counsel for one year, between April, 2018 and April, 2019, which has caused Defendants "manifest" prejudice. ECF 139-1 at 5-6. This argument lacks merit, for it rests on the flawed premise that Direct Benefits automatically had a duty to obtain new counsel once Mr. Jiranek filed suit against Direct Benefits and Andrew Gellene in Maryland state court in April, 2018. *See id.* At that time, TAC's bankruptcy proceedings were still ongoing, and the Bankruptcy Court did not grant leave for this civil case to proceed until August 22, 2018. *See* Order, *In re TAC Fin., Inc.*, No. 15-00047-CL7 (Bankr. S.D. Cal. Aug. 22, 2018), ECF 405 at 2 (attached to the Opposition at ECF 167-6).[2] Further, this Court did not grant the motion to reopen this case until March 12, 2019. ECF 129. Direct Benefits, therefore, was not required to obtain new counsel until Mr. Jiranek's withdrawal took effect on March 22, 2019. *See* ECF 137; Loc. R. 101.2(b). Mr. Collins entered his appearance on Plaintiffs' behalf on April 16, 2019, within Rule 101.2(b)'s thirty-day grace period. *See* ECF 140. There simply is no delay in prosecution in this regard.

Alternatively, Defendants assert that Direct Benefits neglected its responsibility to obtain counsel for six months – between October, 2018 and March, 2019 – because Mr. Gellene moved to restore the case without Mr. Jiranek's signature "in violation of Local Rule 101(b)." ECF 139-1 at 6. Defendants argue that dismissal is proper because Direct Benefits knew that new counsel was necessary, but unjustifiably delayed in obtaining it. *Id.* This argument similarly lacks merit. Again, Direct Benefits was not required to obtain new counsel until after the Court granted the motion, and after Mr. Jiranek withdrew. *See* ECF 129, 137.[3]

Third, Defendants argue that "there is no excuse for the nearly three-month delay between the bankruptcy court's lifting of the stay on July 26, 2018, and Direct Benefits's October 18, 2018 motion to restore this case to the active docket." ECF 139-1 at 7. Even accepting Defendants' calculation of the delay, it does not evidence "a drawn out history of deliberately proceeding in a dilatory fashion." *Chandler Leasing*, 669 F. 2d at 920 (quoting *Davis*, 588 F.2d at 70). Had Direct Benefits failed to comply with an order from either this Court or the Bankruptcy Court to reopen this civil matter, Defendants' argument might have merit. *See, e.g.*, *Ballard*, 882 F.2d at 95-96 (finding that a plaintiff's failure to prosecute despite a court's warning to do so left the district court with "little alternative" but to dismiss the case). However, Plaintiff Andrew Gellene similarly failed to move to reopen this case until October 18, 2018, *see* ECF 126, yet Defendants represent that they are, in accordance with the Court's prior order, "working with Plaintiff Andrew Gellene . . . on a proposed joint scheduling order towards the resolution of his personal claims." ECF 139 at 2. Further, since Judge Bennett's conference with the parties on May 29, 2019, ECF

---

[2] The July 26, 2018 document Defendants reference is only a "Tentative Ruling" that was not affirmed until the Bankruptcy Court entered its August 22, 2018 Order. *See* Order, *In re TAC*, No. 15-00047-CL7 (Bankr. S.D. Cal. Aug. 22, 2018), ECF 405 at 2; Tentative Ruling, *In re TAC*, (Bankr. S.D. Cal. July 26, 2018), ECF 390 (attached to Defendants' Motion at ECF 139-3).

[3] This Court does not condone Mr. Gellene's decision to file the motion to reopen this case without consulting local counsel at the time, Mr. Jiranek. *See* ECF 126; *see also* ECF 130 (letter of Mr. Jiranek). Going forward, the Court will not tolerate further violations of Local Rule 101.1(b).

149, the parties have litigated two motions before Judge Copperthite over Plaintiffs' desire to file a Fourth Amended Complaint, *see* ECF 163, 178. While Direct Benefits was one month late in opposing Defendants' Motion, Direct Benefits obtained counsel within thirty days of receiving its Local Rule 101.2 letter, and has made efforts to prosecute (and add to) its claims against Defendants in recent months. In short, there is no failure to prosecute, or sufficient prejudice to Defendants, to justify dismissal.[4]

Finally, in arguing that Direct Benefits unnecessarily delayed prosecution in this case, Defendants note that they "are aware of no impediment at any time to Direct Benefits' seeking relief from that [bankruptcy] stay to liquidate its claims in this Court. It did not do so until after the bankruptcy Trustee made his own motion for this relief, in early 2018." ECF 139-1 at 6-7. Defendants do not cite to, nor could this Court find, any cases to support this notion. In circumstances such as the instant case, courts in this circuit typically dismiss for failure to prosecute only where a plaintiff fails to take any action after a pending bankruptcy proceeding has ended, or if the plaintiff otherwise fails to comply with court orders. *See Givens v. Wash. Mut.*, No. 5:09-cv-00076, 2012 WL 3133639, at *1, *3 (W.D. Va. July 31, 2012) (dismissing for failure to prosecute after the plaintiff failed to pursue the case after the defendant's bankruptcy proceeding ended, and failed to comply with a court order to provide updates during the stay); *O'Dell v. Conseco Fin. Servicing Corp.*, No. Civ.A. 2:02-1384, 2006 WL 305328, at *1 (S.D. W. Va. 2006) (dismissing after plaintiff failed to prosecute after the defendant's bankruptcy proceeding ended). These cases, and those that Defendants cite, provide no support for Defendants' arguments here.

Thus, for the reasons stated herein, Defendants' Motion to Dismiss Claims of Plaintiff Direct Benefits, LLC, for Failure to Prosecute, ECF 139, is DENIED. The parties are ordered to meet and confer and, within twenty-one (21) days of the date of this letter, file with the Court a Status Report and proposed Scheduling Order for adjudicating both Plaintiff Gellene's and Plaintiff Direct Benefits's claims. The submission shall address the following issues: (1) Plaintiffs' intent with respect to their claims against Defendant Eder, who is now deceased; and (2) which motions, if any, that were pending prior to the stay that should be reinstated for the Court's consideration. In proposing a schedule, the parties should be mindful of the fact that this case was filed in 2013, and should be resolved promptly. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States District Judge

---

[4] Defendants also ask for alternative sanctions, "such as payment of costs [and] attorneys' fees." ECF 171 at 4 (quoting *Chandler Leasing*, 669 F. 2d at 921). Because this request comes for the first time in Defendants' Reply, I decline to address it. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006).