**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

February 10, 2020

LETTER TO COUNSEL

    RE:    *Direct Benefits, LLC, et al. v. TAC Financial, Inc., et al.*
             Civil No. SAG-13-1185

Dear Counsel:

Per the Scheduling Order that the parties proposed, ECF 182, and the Court approved, ECF 184, the parties were to file any dispositive motions on or before December 27, 2019. Any oppositions would be due on January 24, 2020, and replies would be due on February 7, 2020. ECF 184. Defendants TAC Financial, Inc. ("TAC") and Roy Eder ("Eder") jointly filed a Motion for Partial Summary Judgment on December 27, 2019. ECF 192.

On January 8, 2020, Plaintiffs' counsel submitted a consent motion to extend the time for Plaintiffs to oppose Defendants' Motion to January 24, 2020, on the assumption that Plaintiffs' opposition was due on January 10, 2020. The Court denied Plaintiffs' motion as moot, ECF 195, after pointing out to Plaintiffs' counsel that, per the Scheduling Order, Plaintiffs' Opposition was not due until January 24, 2020, *see* ECF 197-2 at 2 (email from Chambers to all counsel of record).

Nonetheless, Plaintiffs did not file their Opposition until late in the evening on January 26, 2020. ECF 196. Plaintiffs' Opposition includes sixty-one exhibits, including a fifty-two-page, 200 paragraph affidavit from the named individual Plaintiff, Andrew Gellene. ECF 196-2. On January 29, 2020, Defendants filed a Motion to Strike Plaintiffs' Opposition. ECF 197; ECF 197-1 (collectively, "the Motion"). On February 7, 2020, Plaintiffs filed a Cross-Motion to Extend Time for the Filing of Plaintiffs' Brief in Opposition to Summary Judgment Motion. ECF 200; ECF 200-1 (collectively, "the Cross-Motion"). For the reasons that follow, Defendants' Motion and Plaintiffs' Cross-Motion will each be granted in part and denied in part.

Defendants first argue that the entire Opposition should be stricken, given the late filing without seeking Defendants' consent to file out of time, and without seeking leave from the Court. ECF 197-1 at 1-2. Federal Rule of Civil Procedure 6(b)(1) generally provides courts the power to extend the time for a party to respond to a pleading for good cause shown. If the motion for leave to file out of time is filed after the deadline has passed, however, then the party seeking leave must show that their filing was tardy to due "excusable neglect." *Id.* R. 6(b)(1)(B); *accord Washington v. People's Choice Home Loan, Inc.*, No. RWT-09-1475, 2011 WL 1791937, at *2 (D. Md. May 9, 2011). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). To determine if a party's late filing is due to excusable neglect, the Supreme Court instructs courts to consider "all relevant circumstances surrounding the party's omission," including (1) the prejudice to the non-moving

party, (2) the length of the delay and its impact on the efficient adjudication of the case, (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The most important factor in the analysis is the reason given for the delay. *Thompson*, 76 F.3d at 534.

Here, first, Defendants make no argument, nor does the Court believe, that they are prejudiced by Plaintiffs' late filing. This case is almost *seven* years old. At this point, it can hardly be said that a two-day late opposition will cause any additional prejudice to the parties. Second, Plaintiffs' two-day late filing does prejudice Defendants in that it deprives them of the full fourteen-day time period to file their reply brief, but that can be cured through a motion for extension of time. This has a marginal impact on the case's administration, at best, given that there will be nothing left for the parties to do once the instant dispositive motions are fully briefed, except await the Court's ruling and prepare for trial. Third, Plaintiffs explain that their counsel experienced a death in the family during the month of January and that, after "substantially complet[ing]" a draft of the Opposition on its due date, they realized that its length would have violated the Local Rules. ECF 200-2, ¶¶ 4-5, 8-10 (Alfred Gellene Cert.). Plaintiffs also point out that Mr. Andrew Gellene, the named individual Plaintiff, was in Ecuador during the final two days of the Opposition's preparation. ECF 200-1 at 4-5. Finally, Defendants point to no facts that Plaintiffs have filed their Opposition in bad faith, outside of a delayed request for consent to a motion for leave to file out of time. ECF 197-1 at 2; *see* ECF 197-3.

When Plaintiffs realized on the date of the deadline that their Opposition would have exceeded the Local Rule prescribing the length of briefs, Plaintiffs' counsel could have taken one of two simple steps to avoid the issues now before the Court. They could have either (1) asked Defendants for consent to Plaintiffs filing a brief in excess of this Court's page limitations, or (2) asked Defendants for consent to an extension of time. Both are simple propositions, yet Plaintiffs' counsel did neither. Nonetheless, given the lack of prejudice and the family emergency counsel experienced during the briefing period, the Court does not believe that striking the Opposition outright is appropriate. Again, if Plaintiffs' counsel believed that such a family emergency jeopardized their ability to timely file an opposition, the most simple, cost-effective, and efficient solution would have been to communicate with opposing counsel. A simple email can go a long way to prevent cases from devolving into motions practice that, as here, begins to approach pettifogging.

Defendants' second objection, however, is well-placed. They argue that Mr. Andrew Gellene's Certification accompanying Plaintiffs' Opposition, which spans nearly fifty-two pages and contains 200 paragraphs, *see* ECF 196-2, is a work-around of the Court's Local Rules regarding page limitations. ECF 197-1 at 2-3. Plaintiffs make two counterarguments. First, they assert that there is no rule, "national or local," that limits the length of Andrew Gellene's Certification. ECF 200-1 at 6. Second, they argue that his Certification is proper because each fact referenced in the Certification comes from either Andrew Gellene's personal knowledge or documents that Defendants produced in discovery. *Id.* Both arguments miss the mark.

*Direct Benefits, LLC, et al. v. TAC Financial, Inc., et al.*
Civil No. SAG-13-1185
Feb. 10, 2020
Page 3

      It is true that no Local Rule, or Federal Rule of Civil Procedure, limits the length of an affidavit or other declaration accompanying a pleading opposing a summary judgment motion. Federal Rule of Civil Procedure 56(c)(4) does provide, however, that any affidavit or declaration used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A cursory review of Andrew Gellene's Certification demonstrates that it improperly conflates matters of his personal knowledge with ones that he would not be competent to testify on at trial. For example, the Certification contains multiple paragraphs in which Mr. Gellene recites portions of Mr. Eder's deposition testimony, which he could not testify competently to at trial. *See* ECF 196-2, ¶¶ 29, 40, 51, 62-63, 71-72, 108-09, 133, 147, 170, 176, 184, 190, 193, 196, 199. The Certification also cites to materials wholly outside the record, *see, e.g.*, *id.* ¶¶ 12-13, 47, and refers to documents that Eder and other TAC Financial members created without Mr. Gellene's apparent knowledge, *e.g.*, *id.* ¶¶ 23, 48, 56; *see also id.* ¶¶ 65-66 (beginning with the phrase, "Through documents provided in discovery I learned that"). At other times, the Certification simply recites portions of documents and applicable laws or regulations. *E.g.*, *id.* ¶¶ 36, 39, 50. In other words, Mr. Gellene's Certification reads as a supplemental statement of facts that, whether Plaintiffs intended to or not, acts as a work-around of this Court's Local Rules on page limitation. Whatever facts Plaintiffs feel are necessary to the Court's determination should be listed in the Statement of Facts portion of their brief. If Plaintiffs need to rely on facts that can only come from Mr. Andrew Gellene's personal knowledge (including, but not limited to, conversations that he was a party to), then his Certification may include those matters.[1]

      Accordingly, the Court will **GRANT IN PART** and **DENY IN PART** both Defendants' Motion to Strike, and Plaintiffs' Motion to Extend Time. Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment will be **STRICKEN**. Plaintiffs will be **GRANTED** two additional weeks, until February 24, 2020, to file a revised Opposition brief that contains a Statement of Facts section addressing all relevant factual matters they wish to address, and a revised Andrew Gellene Certification that fully comports with Rule 56(c)(4). Defendants are **GRANTED** until March 9, 2020, to file a reply brief. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                               Sincerely yours,

                                 /s/

                               Stephanie A. Gallagher
                               United States District Judge

---

[1] Perhaps part of the issue Plaintiffs' counsel have is a mistaken belief that each document provided in support of, or in opposition to, a summary judgment motion must be properly authenticated. That requirement was eliminated ten years ago by amendment, however. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. Now, parties need only show that the evidence they provide can be produced in some admissible form at trial. *See* R. 56(c)(2).