IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DIRECT BENEFITS, LLC,** *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Case No. SAG-13-1185 |
| | * |
| **TAC FINANCIAL, INC.,** *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Today, April 16, 2020, this Court entered a Memorandum Opinion and Order, ECF 209-10, granting Defendants' Cross-Motion for Partial Summary Judgment, ECF 104, and denying Plaintiffs' Motion for Partial Summary Judgment, ECF 98.  Specifically, the Court entered summary judgment in Defendants' favor as to Count III of the Third Amended Complaint, which asserted a claim for damages for the unlawful sale of unregistered securities under Maryland law. In finding that Count III was time-barred under the relevant statute of limitations provision in the Maryland Securities Act, the Court's Opinion relied significantly on case law interpreting the federal Securities Act.

Count I of Plaintiffs' Third Amended Complaint also asserts a claim for damages under the federal Securities Act for the illegal sale of unregistered securities.  ECF 77, ¶¶ 71-81. Defendants' tenth affirmative defense listed in their Answer asserts that "Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitation."  ECF 78 at 31.

The federal Securities Act deems it unlawful for any person to offer or sell an unregistered security in interstate commerce, 15 U.S.C. § 77e(a) (2018), and explicitly provides

civil plaintiffs with a private right of action if they suffer damages as a result of such an unlawful offer or sale, *id.* § 77*l*(a)(1). The federal Securities Act sets the following statute of limitations:

> No action shall be maintained to enforce any liability created . . . under section 77*l*(a)(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 77*l*(a)(1) of this title more than three years after the security was bona fide offered to the public . . . .

*Id.* § 77m. This statute has been described as "cumulative." *Nolfi v. Ohio Ky. Oil Corp.*, 562 F. Supp. 2d 904, 908 (N.D. Ohio 2008). In other words, "[P]laintiffs must plead and prove facts tending to show that the present action was commenced within one year of the violation upon which it is based *and* not more than three years after the security was bona fide offered to the public." *Morley v. Cohen*, 610 F. Supp. 798, 815 (D. Md. 1985).

Federal Rule of Civil Procedure 56(f)(2) provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant the motion [for summary judgment] on grounds not raised by a party." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

Given the Court's conclusions of law in its ruling on Count III, it appears that Count I may be similarly time-barred, and subject to summary judgment on that ground. Accordingly, this 16th day of April, 2020, the Court hereby **NOTIFIES** Plaintiffs that the Court is considering granting Defendants' Motion for Partial Summary Judgment, ECF 192, as to Count I, on the ground that Count I is barred by the relevant statute of limitations. It is further **ORDERED** that:

(1) Plaintiffs SHALL RESPOND to the Court's notice, and address whether the Court should enter summary judgment in Defendants' favor as to Count I on statute of limitations grounds, on or before **Friday, May 1, 2020**;

(2) Defendants SHALL REPLY to any arguments raised by Plaintiffs on or before **Friday, May 15, 2020**;

(3) Should either party represent to the Court that the preparation, or electronic filing, of such responses would require any person to disregard an existing stay-at-home or other public health order, this Court will grant an appropriate extension of time to permit continued compliance. Otherwise, the schedule set herein SHALL NOT be subject to the blanket extension of time contained in Standing Order. No. 2020-07, or any other subsequent amending Standing Order; and

(4) The Court's suspension of the requirement that counsel provide paper courtesy copies of any filings SHALL REMAIN in effect. If Plaintiffs' or Defendants' submissions pursuant to this Order exceed fifteen pages, counsel are directed NOT to file a paper courtesy copy with the Clerk's Office, until further directed by this Court.

/s/
Stephanie A. Gallagher
United States District Judge