**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE
MDD_SAGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

August 3, 2021

LETTER ORDER

     RE:    Direct Benefits, LLC v. TAC Financial Inc.
              Civil Case No. SAG-13-1185

Dear Counsel:

     Defendant TAC Financial Inc. "TAC" has filed a motion in limine to preclude Plaintiffs Direct Benefits and Andrew Gellene (collectively "Plaintiffs") from designating Andrew Gellene ("Gellene") as an expert witness. I have considered Defendant's motion (ECF 229), Plaintiff's opposition (ECF 238), and TAC's reply (ECF 240), the arguments put forth by counsel at the pre-trial conference, and Plaintiff's supplemental submission (ECF 245-2). For the reasons explained below, the motion will be GRANTED. Gellene will not be permitted to testify as an expert witness or to give expert opinion testimony under Federal Rule of Evidence 702. However, Gellene will be permitted to offer certain opinion testimony that is based on his personal knowledge and is helpful to the factfinder in accordance with Federal Rule of Evidence 701.

     Gellene has not been formally designated as an expert witness in this case during the pendency of the litigation or in Plaintiffs' discovery disclosures in accordance with Federal Rule of Civil Procedure 26(a)(2). However, Plaintiffs listed Gellene as a potential witness to be called in the proposed pre-trial order under the designation of an "expert witness." ECF 224 at 32. In their opposition, and with greater clarity at the pre-trial conference, Plaintiffs have explained that they do not intend to offer Gellene's testimony "as expert testimony under Federal Evidence Rule 702 or 703." ECF 238 at 1. However, they do ask the Court to allow Gellene to offer certain opinions as a lay witness about the alleged damages suffered by Direct Benefits, including testimony regarding alleged lost profits. Plaintiffs submitted Gellene's proffered lost profits testimony in writing for the Court to review prior to trial. ECF 245-2. As explained below, the Court finds that certain proffered opinions are permissible under Federal Rule of Evidence 701, but other opinions go beyond the scope of what constitutes helpful and reliable testimony of a lay witness.

     As the Court explained in its summary judgment memorandum opinion, "Rules 701 and 702 draw a 'critical distinction' between lay witness and expert witness testimony, though the line between the two 'can be a fine one.'" ECF 213 at 54 (citations omitted) (first quoting *Al-Sabah v. Agbodjobe*, No. SAG-17-730, 2018 WL 6498049, at *3 (D. Md. Dec. 3, 2019); then quoting *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017)). Under Rule 701, a lay witness may give opinion testimony that is "rationally based on the witness's perception" and helpful to the jury, so long as it is "not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Advisory Committee specifically noted with approval that "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business" without qualifying as an expert witness "because of the particularized knowledge that the witness has by virtue of his or her position in the business." Fed. R. Evid. 701 Advisory Committee's note to 2000 amendment. This is in accord with the Fourth Circuit's guidance that "the key to Rule 701 lay opinion testimony is that it must arise from personal knowledge or firsthand perception of the witness." *Lord & Taylor*, 849 F.3d at 575.

Gellene's proffered testimony includes factual testimony detailing his experience working for Direct Benefits and TAC. ECF 245-2. Part of Gellene's job at Direct Benefits and TAC was to "understand the costs and pricing of the Money Manager Card program and to generate projections for future costs." *Id.* ¶ 12. His experience provides a basis for him to testify about Direct Benefit's financial condition during the time period he worked at the company. In 2013, as a TAC employee, Gellene created and presented to Roy Eder a projection of revenue and profits at least through the end of that year. ECF 245-2 at Exh. A. This Court therefore finds that Gellene has relevant personal knowledge to give his opinion regarding lost profits for 2013. In March, 2013, Gellene left the company, and the Court has no record of his continued involvement in the company or in the industry. Over the past eight years, there is reason to believe the economy as a whole and the prepaid card industry specifically faced significant changes, including but not limited to a global pandemic. *See* ECF 245-1 ¶ 14 (noting "competition in the prepaid market and the rise of mobile apps as a competitor"). The limited exhibits attached to Plaintiffs' motion, such as the Jotform information showing certain inquiries TAC received through 2021, permits nothing more than speculation about why those inquiries occurred or what transpired following their receipt in terms of profit generation. Therefore, the Court is not convinced that Gellene has the requisite personal knowledge or firsthand perception to offer opinions about alleged lost profits after 2013.

For the reasons outlined above, Defendant's pending motion in limine, ECF 229, will be GRANTED. Plaintiffs are not permitted to designate Gellene as an expert witness or allow Gellene to offer expert testimony. Plaintiff may offer lay opinion testimony regarding alleged lost profits in 2013, but he will not be permitted to offer opinions about alleged lost profits after 2013. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge