**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE**<br>MDD_SAGchambers@mdd.uscourts.gov | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780** |

August 9, 2021

RE:  Direct Benefits, LLC v. TAC Financial Inc.
     Civil Case No. SAG-13-1185

Dear Counsel:

I am writing regarding the objections raised by Defendant to several of Plaintiffs' exhibits based on Federal Rule of Evidence 602 and 901. I have reviewed the contested exhibits and considered the arguments made by Counsel at the hearing this afternoon.

Rule 602 provides that a witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Rule 901 states that the proponent of an item of evidence, such as a document, must authenticate the item by producing evidence "sufficient to support a finding that the item is what the proponent claims it is," such as through the testimony of a witness with knowledge "that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). The authentication requirement of Rule 901 has been described as "not a particularly high barrier to overcome," since the proponent "need only make prima facie showing that it is what he or she claims it to be." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 542 (D. Md. 2007) (citations omitted). Rule 901(b) provides non-exhaustive list of examples of ways to authenticate a document, including "Testimony of a Witness with Knowledge." *E.g.*, *id.* at 544–45; *see also* Fed. R. Evid. 901(b) advisory committee's note. Another method described in the rule, however, uses the distinctive characteristics of the evidence. Fed. R. Evid. 901(b)(4) (describing this method as using the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" to show authenticity). This rule is frequently used to authenticate e-mails. *Lorraine*, 241 F.R.D. at 546; *see, e.g.*, *United States v. Siddiqui*, 235 F.3d 1318, 1322–23 (11th Cir. 2000); *United States v. Safavian*, 435 F. Supp. 2d 36, 41–42 (D.D.C. 2006).

The majority of the contested exhibits are email exchanges between Roy Eder and other TAC employees or board members: P21, P104, P108, P110, P111, P112, P121, P122, P130, P145, P146, P148, P150, and P153. They contain emails messages with Roy Eder's email address which is the same email address used in other exchanges with Plaintiff, Andrew Gellene. Mr. Gellene has knowledge of the email address through the multiple exchanges he had with Mr. Eder and others working for or on behalf of TAC Financial, Inc. The exhibits also include Bates numbers that indicate they were produced in discovery by Defendant, further indicating that they were not fabricated. Thus, the Court concludes that Plaintiffs have proffered sufficient evidence that the emails are authentic in accordance with Rule 901.

<u>Direct Benefits, LLC v. TAC Financial Inc.</u>
Civil Case No. SAG-13-1185
August 9, 2021
Page 2

      However, the Court agrees that Mr. Gellene does not have the requisite personal knowledge under Rule 602 to testify about the contents of the emails.  If Defendant persists in its authenticity objection, Mr. Gellene will be permitted to lay a foundation for the authenticity of the documents by, for instance, testifying about his recognition of the emails or signature blocks of the senders or recipients.  However, he will not be permitted to testify about what was said or meant by the emails, since he does not have the personal knowledge to do so.  The emails will be admitted into evidence and Counsel will be permitted to use them in closing argument.

      Finally, one of the contested exhibits, P27, is not an email.  The document lists "Employee Expenses" for various TAC employees, which it identifies only by first name.  The document does not have a Bates number on it.  There is also no evidence of how it was created.  It was not created by Mr. Gellene, the sole testifying witness in this case.  Therefore, this document lacks the distinctive characteristics and other authenticity features present for the emails.  Plaintiffs have not met their burden to authenticate P27 under Rule 901, and it will therefore be excluded.

      Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge