UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICTJUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**410 962-7780**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

October 13, 2021

**LETTER ORDER**

      RE:  <u>Direct Benefits, LLC, et al v. TAC Financial Inc., et al.</u>
            Civil Case No. SAG-13-1185

Dear Counsel and Mr. Jiranek:

      This Court is in receipt of the Expedited Motion to Intervene filed by Andrew L. Jiranek, Esq., ECF 278, the oppositions filed by Plaintiffs, ECF 283, and Defendant, ECF 287, and the replies filed by Mr. Jiranek, ECF 288, ECF 295.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons described herein, Mr. Jiranek's Motion is denied.

      Mr. Jiranek represented Plaintiffs in connection with this case and certain related litigation, beginning in or about 2013.  His representation ended in 2018, but earlier this year, a jury returned a verdict in favor of Plaintiff Andrew Gellene on his Maryland Wage Payment and Collection Law ("MWPCL") claims, in the amount of $120,387.14.  Andrew Gellene therefore has the statutory right to seek attorneys' fees and costs he incurred with respect to the wage claims as to which he prevailed.  Plaintiffs' remaining claims were resolved in Defendant's favor, meaning that there is no entitlement to fees as to any of those claims.

      The relationship between Plaintiffs and their former attorney, Mr. Jiranek, is not presently a good one.  In fact, Mr. Jiranek has a pending case in state court against Plaintiffs to collect fees for the legal work he performed on their behalf.  Accordingly, Mr. Jiranek seeks to intervene in the instant action for purposes of pressing his claims for fees and costs he believes he should be entitled to recover.

      This Court, however, need not and will not embroil itself in the contractual disputes amongst Plaintiffs and their present and former counsel.  The MWPCL provides for the award of "reasonable counsel fees and other costs" to the "employee" whose statutory rights were infringed. Md. Code, Lab. & Empl. 3-507.2.  In this case, that is Andrew Gellene.[1]  There is no statutory provision affording counsel (or former counsel) an independent right to seek an award of

---

[1] While Mr. Jiranek expresses concern that Andrew Gellene and his current attorney will not seek to recover fees for the hours he billed in the instant case, such action would contravene Andrew Gellene's own financial interests.  He has every reason to maximize his fee recovery in light of his potential liability in the state court litigation for fees allegedly owed to Mr. Jiranek.

<u>Direct Benefits, LLC, et al v. TAC Financial Inc., et al.</u>
Civil No. SAG-13-1185
October 13, 2021
Page 2

fees from the defendant in the event of a plaintiff's verdict.

 Accordingly, Mr. Jiranek's motion to intervene, ECF 278, is denied. Mr. Jiranek may continue to seek the fees he claims he is owed by Plaintiffs in other, more appropriate venues; his ability to do so will be unaffected by any award this Court may make to Andrew Gellene. This conclusion is not altered by Mr. Jiranek's assertion that because he "was to be paid on a time and materials basis out of the Recovery. . . [he] stands to gain or lose based on the Court's award of fees." ECF 295 at 4. Assuming this is the case, Mr. Jiranek's alleged interest is in some portion of whatever recovery this Court may award; it is not, as Mr. Jiranek appears to suggest, a right to dictate the amount of Andrew Gellene's application for fees to this Court.[2]

 Andrew Gellene, through his counsel of record, will be permitted to file his petition for attorneys' fees on or before November 3, 2021. Defendant TAC Financial will be allowed to respond on or before November 17, 2021, and Andrew Gellene will be afforded until November 24, 2021 to file any reply. Upon this Court's review of those filings, it will determine the appropriate fees and costs, if any, to be awarded to Andrew Gellene.

 Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States District Judge

---

[2] This Court is similarly unpersuaded by Mr. Jiranek's contention that his interests are not adequately represented because some of his fees and costs may not be included in Andrew Gellene's application. ECF 295 at 8 ("Plaintiffs' current counsel simply does not want to include [Mr.] Jiranek's fees and costs in an application . . . [Mr.] Jiranek is seeking to intervene in this case . . . to make sure that the reasonableness of [Mr.] Jiranek's fees and costs is considered by the Court."). ECF 295 at 8. Andrew Gellene's current counsel has a fiduciary and ethical duty to maximize his client's fee recovery. This goal is wholly aligned with Mr. Jiranek's. Strategic choices as to how to achieve this end—including decisions regarding the fees and costs to be included in an application to this Court—are within the discretion of Andrew Gellene's current counsel.