**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICTJUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
410 962-7780
MDD_SAGchambers@mdd.uscourts.gov

November 30, 2021

**LETTER ORDER**

RE:  Direct Benefits, LLC, et al v. TAC Financial Inc., et al.
Civil Case No. SAG-13-1185

Dear Counsel:

Upon review of the two petitions for attorneys' fees that were filed in this case, ECF 298 and 301, it is evident that they are not organized in the format required by the Local Rules of this Court.  Initially, the petitions purport to seek fees incurred in the litigation of a separate but tangentially related bankruptcy matter.  Those fees are not recoverable in this litigation and should be excluded from the amended petition.  With respect to the fees actually incurred in the litigation of this case, the Local Rules require that the applications "shall be submitted in the following format organized by litigation phase."  Loc. R. App'x B at 1.b (D. Md. 2021) (breaking out the appropriate litigation phases).  The requirement that a party organize its billing statements in a chronological, litigation phase format is essential to permit this Court to assess, on an entry by entry basis, the appropriate lodestar calculation.  In this case in particular, the number of entries reflecting attorneys in conferring with one another suggests that there will be a large number of duplicative billing entries, even across the various law firms involved.  *See* Loc. R. App'x B at 2.d (D. Md. 2021) ("Generally, only one lawyer is to be compensated for client, third party, and intra-office conferences, although if only one lawyer is being compensated the time may be charged at the rate of the more senior lawyer.").  The culling of duplicative entries cannot rest with this Court, but should properly be performed by Plaintiff.  Additionally, one attorney attempts to bill $23,750 for hours "worked but not logged."  Those "guesstimated" entries are also impermissible and should be eliminated in their entirety from the amended petition.

Several of the counsel in this matter have attempted to use some kind of "rough percentage" calculation in deciding which of their individual fees to claim.  No matter the purported basis for determining the "percentage" used, that procedure does not accord with the lodestar calculations required by the Supreme Court and the Fourth Circuit.  This Court fully intends to review each time entry to determine whether it should be included in the lodestar calculation, in whole or in part.  Many of the attorneys' entries use "block billing," which may mean that those entries will be dramatically reduced or discounted in their entireties, in light of the relatively small portion of the effort in this case devoted to Mr. Gellene's wage claims.  For example, roughly 3 pages of the 28 page Amended Complaint address the wage claims.  The preliminary injunction briefing and

Direct Benefits, LLC, et al v. TAC Financial Inc., et al.
Civil No. SAG-13-1185
November 30, 2021
Page 2

almost all of the motions briefing related to the non-wage claims.  Simply taking a percentage of the billing entries is likely to grossly overrepresent the importance of the wage claims to this case, and does not meet the standards required for this Court to award reasonable fees.

In sum, the two pending petitions for attorneys' fees, ECF 298 and 301, will be DENIED without prejudice.  Plaintiff will be given one final opportunity to file a single petition for attorneys' fees in accordance with the dictates of this Court's Local Rules.  The amended petition should perform the culling function referenced above, should attach summary billing records organized by date and litigation phase, not by individual law firm, and should request an amount calculated by multiplying each attorney's reasonable hourly rate by the number of hours the attorney worked and documented *on the wage claim only*.  TAC will then be afforded an opportunity to respond to the amended petition and to seek deduction of its fees for its two prior oppositions to the inadequate petitions.  Plaintiff's amended petition should be filed on or before December 30, 2021, with TAC's opposition due on or before January 20, 2022, and any reply due on or before February 3, 2022.

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge