**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICTJUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**410 962-7780**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

February 10, 2022

**LETTER OPINION**

      RE:  <u>Direct Benefits, LLC, et al v. TAC Financial Inc., et al.</u>
            Civil Case No. SAG-13-1185

Dear Counsel:

      In November, 2021, this Court denied two petitions for attorneys' fees that were filed in this case, ECF 298 and 301, because they were overinclusive and were not organized or documented in the format required by the Local Rules of this Court. Those fee petitions sought fees and costs for several different attorneys, totaling almost $150,000. After they were denied, Plaintiff Andrew Gellene ("Plaintiff") filed an amended fee petition seeking only $7,280.00 in fees for one of his attorneys, his brother, Alfred V. Gellene, Esq. ECF 309. That petition is currently pending, though Defendant TAC Financial Inc. has filed an opposition, ECF 310.

      Despite the significant reduction in the amount of fees sought, Plaintiff's petition still lacks the evidentiary support required to support the reduced request. *See Ochse v. Henry*, 88 A.3d 773, 789 (Md. Ct. Spec. App. 2014) (requiring a movant "to establish, by a preponderance of the evidence, [his] right to the amount sought." (quoting *Diamond Point Plaza Ltd. P'Ship v. Wells Fargo Bank, N.A.*, 929 A.2d 932, 957 (Md. 2007))). In Alfred Gellene's declaration, he states that he "did not maintain full billing records regarding [his] time in [t]his case," and that he "estimated the actual time [he]spent on the wage claim." ECF 309-1 at ¶¶ 2 and 3. A party "seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Americans for Prosperity v. Grewal*, 2021 WL 1153194, at *4 (D.N.J. Mar. 26, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

      Here, while Plaintiff's documentation is grossly inadequate, this Court in fact personally observed much of the work for which Plaintiff may properly seek fees. Although Plaintiff's wage-based claim comprised just a small fraction of the work performed prior to, and the evidence presented during, the trial, the wage claims took center stage once this Court dismissed the securities claims after presentation of Plaintiff's case. The final jury instructions and closing arguments in the courtroom all focused exclusively on the wage claims. Based on Alfred Gellene's work personally observed by the Court and reasonable inferences of work that would have had to be performed to prepare for in-court sessions, this Court believes that 14.0 hours of work on the

<u>Direct Benefits, LLC, et al v. TAC Financial Inc., et al.</u>
Civil No. SAG-13-1185
February 10, 2022
Page 2

wage claims constitutes a reasonable total. At Alfred Gellene's billing rate of $350 per hour, he is entitled to a fee award of $4,900.00. Of course, whether representing a relative or not, any attorney intending to seek attorney's fees at the conclusion of a case must keep detailed, contemporaneous billing records. Had Alfred Gellene's work not happened to occur in this Court's physical presence, his failure to keep such records may have resulted in a complete denial of Plaintiff's fee request.

For the reasons stated above, Plaintiff's amended fee petition, ECF 309, will be granted in part and he will be awarded fees to be paid by Defendant TAC Financial Inc. in the amount of $4,900.00. Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge